IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Donavon Chestnutt,** | ) | C/A No.: **2:20-cv-02753-RMG-MGB** |
| Plaintiff(s), | ) ) ) | |
| v. | ) ) | **CONFERENCE AND SCHEDULING ORDER** |
| **Bryan P. Stirling, Levern Cohen, Cedric Major, Consonya Washington, South Carolina Department of Corrections,** | ) ) ) ) | |
| Defendant(s). | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this order.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later **November 6, 2020**.[1] At conference the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary.[2]

2. No later than **November 20, 2020** required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[3]

3. No later than **November 20, 2020**, the parties shall file a Rule 26(f) report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

4. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(3)(A)) shall be filed no later than **December 11, 2020**. ALL motions to amend pleadings must be accompanied by a proposed amended pleading. (Fed. R. Civ. P. 15; Fed. R. Civ. P. 16.)

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial, and certifying that a written report prepared and signed by any expert meeting the criteria under Fed. R. Civ. P.

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. See attached Notice of Availability of United States Magistrate Judge.

[3] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

      26(a)(2)(B), including all information required by Fed. R. Civ. P. 26(a)(2)(B), has been disclosed to other parties by **January 11, 2021**. For all other expert witnesses, counsel should make the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) by **January 11, 2021**.

6. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial, and certifying that a written report prepared and signed by any expert meeting the criteria under Fed. R. Civ. P. 26(a)(2)(B), including all information required by Fed. R. Civ. P. 26(a)(2)(B), has been disclosed to other parties by **February 10, 2021**. For all other expert witnesses, counsel should make the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) by **February 10, 2021**.

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **February 10, 2021**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6),902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

8. Discovery shall be completed no later than **April 12, 2021**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02, and have had a telephone conference with Judge Baker in an attempt to resolve the matter informally.

9. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **June 11, 2021**. (Fed. R. Civ. P. 16(b)(2)).

10. Mediation, pursuant to Local Civil Rules 16.04 - 16.12, shall be completed in this case on or before **May 12, 2021**. See attached form setting forth mediation requirements. **At least thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel.

      **IT IS SO ORDERED.**

October 16, 2020  
Charleston, South Carolina

          MARY GORDON BAKER  
          UNITED STATES MAGISTRATE JUDGE

Attachments:
    1) Rule 26(f) Report Form
    2) Notice of Availability of United States Magistrate Judge
    3) Mediation Form
    4) Mediation Requirement Form

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Donavon Chestnutt,** | ) | C/A No.: **2:20-cv-02753-RMG-MGB** |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | **RULE 26(f) REPORT** |
| | ) | |
| **Bryan P. Stirling, Levern Cohen, Cedric Major, Consonya Washington, South Carolina Department of Corrections,** | ) ) ) ) | |
| | ) | |
| Defendant(s). | | |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

   _____     We agree that the schedule set forth in the Conference and Scheduling Order filed _____ is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

   _____     We agree that the schedule set forth in the Conference and Scheduling Order filed _____ requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

   _____     We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by Fed. R. Civ. P. 26(f), with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

(SIGNATURE PAGE ATTACHED)

PLAINTIFF(S)

____________________________
*Signature of Plaintiff's Counsel*

____________________________
*Printed Name of Plaintiff's Counsel and Party Represented*

____________________________
*Signature of Plaintiff's Counsel*

____________________________
*Printed Name of Plaintiff's Counsel and Party Represented*

____________________________
*Signature of Plaintiff's Counsel*

____________________________
*Printed Name of Plaintiff's Counsel and Party Represented*

____________________________
*Signature of Plaintiff's Counsel*

____________________________
*Printed Name of Plaintiff's Counsel and Party Represented*

*Dated:*____________________________

DEFENDANT(S)

____________________________
*Signature of Defendant's Counsel*

____________________________
*Printed Name of Defendant's Counsel and Party Represented*

____________________________
*Signature of Defendant's Counsel*

____________________________
*Printed Name of Defendant's Counsel and Party Represented*

____________________________
*Signature of Defendant's Counsel*

____________________________
*Printed Name of Defendant's Counsel and Party Represented*

____________________________
*Signature of Defendant's Counsel*

____________________________
*Printed Name of Defendant's Counsel and Party Represented*

*Dated:* ____________________________

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

<div style="text-align:center">

UNITED STATES DISTRICT COURT
for the
District of South Carolina

</div>

| | | |
|---|---|---|
| **Donavon Chestnutt,** | ) | C/A No.: **2:20-cv-02753-RMG-MGB** |
| Plaintiff(s), | ) ) ) | |
| v. | ) ) ) | |
| **Bryan P. Stirling, Levern Cohen, Cedric Major, Consonya Washington, South Carolina Department of Corrections,** | ) ) ) ) | |
| Defendant(s). | | |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

Consent to a magistrate judge's authority. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Reference Order**

**IT IS ORDERED**: This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____                         _____
                                               District Judge's signature

                                              _____
                                               Printed name and title

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

# MEDIATION INITIATION FORM

Case: _____Chestnutt v. Stirling et al

C/A No. _____**2:20-cv-02753-RMG-MGB**

Please check the applicable box to indicate the status of the above referenced case:

☐ case settled prior to or without mediation
☐ case dismissed by court or pending ruling on summary judgment motion
☐ case to proceed to trial
☐ case continued to next term

 OR

☐ case will be or has been mediated *(complete the following information)*:


Mediator Name: _____
Mediator Phone No. _____


Date Mediation Scheduled to Occur *or* Date Mediation Completed:_____


Submitted by:_____
Signature:_____
                *(Printed name of counsel)*

For which party?:_____
Date:_____
                *(Name of party counsel represents)*


Please fax completed form to Billie Goodman, ADR Program Coordinator @ 803-253-3591 or mail to 901 Richland Street, Columbia, SC 29201.

IN THE UNITED STATES DISTRICT COURT  )     MEDIATION REQUIREMENTS
FOR THE DISTRICT OF SOUTH CAROLINA  )

Mediation is to be scheduled and completed in all cases, including those cases involving unrepresented parties. Mediation shall be completed by the date indicated in the scheduling order. A Mediation Initiation Form is attached for your use. Upon completion of the mediation, counsel shall advise the Court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is required.

The parties should select a mediator consistent with Local Rule 16.06 D.S.C. A roster of certified mediators is available from the Clerk of Court or may be accessed under the Mediation heading at http://www.scd.uscourts.gov/cases.htm.

All parties and their lead trial counsel, having authority to settle and to adjust pre-existing settlement authority if necessary, are required to attend the mediation in person unless excused by the Court for good cause shown. Insurer representatives with decision-making authority also are required to attend in person, unless excused by the Court, if their agreement would be necessary to achieve a settlement. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, parties, their insurer representatives and their primary trial counsel should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery should be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. See Local Rule 16.09 D.S.C.

This form has been provided to all counsel of record and to all pro se parties. Counsel are responsible for notifying and ensuring the presence of parties and insurer representatives as described above. If a case has been mediated previously, counsel shall notify the Court immediately in writing.

Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408 and Federal Rule of Civil Procedure 68. If a settlement is not reached at mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge. See Local Rule 16.08(C) D.S.C.

If any reason exists why any party or counsel should not participate in this mediation, the Court is to be advised of these reasons in writing immediately.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Coordinator, Billie Goodman, at (803) 253-3491.

                                                Mary Gordon Baker
                                                United States Magistrate Judge