IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Donavon Chestnutt,<br><br>　　PLAINTIFF,<br><br>　　v.<br><br>Bryan Stirling, LeVern Cohen, Consonya Washington, Cedric Major, South Carolina Department of Corrections,<br><br>　　DEFENDANTS | C/A No. 2:20-cv-02753-RMG-MGB<br><br>**Defendants Stirling, Cohen, Washington, and SCDC's Answers to Local Civil Rule 26.03 Interrogatories** |

　　Defendants Bryan Stirling, LeVern Cohen, Consonya Washington, and South Carolina Department of Corrections, pursuant to the Federal Rules of Civil Procedure, submits the following answers to Local Rule 26.03 Interrogatories.

1.　A short statement of the facts of the case.

**ANSWER:**　**Plaintiff Chestnutt was involved in an incident with other inmates while in the custody of the South Carolina Department of Corrections on or about April 4, 2019.**

2.　The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**ANSWER:**　**In addition to the witnesses listed by the Plaintiff, the Defendants anticipate calling the following witnesses:**

　　a)　**Donavon Chetnutt is the Plaintiff and is expected to testify to the facts and circumstances surrounding the incident and the damages.**

　　b)　**Cedric Major was on duty at the time of the incident and is expected to testify regarding the facts and circumstances surrounding the incident and the response to it.**

  **c)**   **LeVern Cohen is the warden at Ridgeland Correctional Institution and is expected to testify regarding the facts and circumstances surrounding the incident and the response to it.**

  **d)**   **Consonya Washington is a captain at RCI and is expected to testify regarding the facts and circumstances surrounding the incident and the response to it.**

  **e)**   **Brandon Hawthorne is listed as an involved inmate and is expected to testify regarding the facts and circumstances surrounding the incident and the response to it.**

  **f)**   **Jason McRae is listed as an involved inmate and is expected to testify regarding the facts and circumstances surrounding the incident and the response to it.**

  **g)**   **Timothy Fowler is listed as an inmate witness and is expected to testify regarding the facts and circumstances surrounding the incident and the response to it.**

3. The names and subject matter of expert witnesses (if no expert witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER:**   **The Defendants Stirling, Cohen, Washington, and SCDC have not yet named an expert witness but reserve the right to do so consistent with the applicable scheduling order. The Defendants reserve the right to call and question any expert named by any other Party.**

4. A summary of the claims or defenses with statutory and/or case citations supporting same.

**ANSWER:**   **The Defendants have raised the defense of qualified immunity to the 1983 action. [G]overnmental employees are accorded qualified immunity from the consequences of objectively reasonable official acts to prevent "the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office" and "the danger that the fear of being sued will 'dampen the ardor of all but the most resolute, or the most irresponsible [public officials], in the unflinching discharge of their duties.'" <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814 (1982); <u>see</u> <u>also</u> <u>Better Gov't Bureau v. McGraw (In re Allen)</u>, 119 F.3d 1129, 1131 (4th Cir. 1997). The Defendants have also pled a general denial to the Plaintiff's Complaint.**

5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Rule 16.02:

    a) Exchange of Fed.R.Civ.P.26(a)(2) expert disclosures; and

    b) Completion of discovery.

**ANSWER:  Defendants agree with the amended scheduling order.**

6. The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling Order. See generally Local Civil Rule 16.02.

**ANSWER:  COVID-19 could affect the time frames in the proposed scheduling order.**

7. The parties shall provide any additional information requested in the Scheduling Order (Local Rule 16.01) or otherwise requested by the assigned judge.

**ANSWER:  None currently.**

GRIFFITH, FREEMAN & LIIPFERT, LLC

 */s/ O. Edworth Liipfert, III*
O. Edworth Liipfert, III
600 Monson Street
PO Drawer 570
Beaufort, SC 29901
843-521-4242
843-521-4247 (fax)
worth@griffithfreeman.com

ATTORNEYS FOR DEFENDANTS
STIRLING, COHEN, WASHINGTON,
AND SCDC

November 20, 2020
Beaufort, South Carolina