IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Donavon Chestnutt, <br><br> PLAINTIFF, <br><br> v. <br><br> Bryan Stirling, LeVern Cohen, Consonya Washington, Cedric Major, South Carolina Department of Corrections, <br><br> DEFENDANTS. | C/A No. 2:20-CV-02753-RMG-MGB <br><br><br> **Memorandum in Support of Defendants' Motion for Stay of Proceedings** |

**TO: ALLEN CHANEY, ATTORNEY FOR THE PLAINTIFF, DONOVAN CHESTNUTT:**

The Defendants Bryan Stirling, LeVern Cohen, Consonya Washington, and South Carolina Department of Corrections ("SCDC") (hereinafter collectively referred to as "the Defendants"), submit this memorandum in support of their Motion to Stay. For the reasons set forth below, the Defendants would ask the Court to Stay the proceedings in the South Carolina Federal District Court until the parallel state criminal proceedings against Co-Defendant Cedric Major ("Major") are resolved.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of an April 4, 2019 in which the Plaintiff, Donavan Chestnutt ("Plaintiff") alleges he was assaulted by fellow inmates while incarcerated in Ridgeland Correctional Institution ("RCI") (Pltf. Compl. ¶ 2). Plaintiff alleged that, on the date of the assault, RCI Corrections Officer Major, unlocked Plaintiff's cell door, and intentionally allowed other inmates into his cell so they could "viciously beat, kick, stab, and rob" him. Following the assault, Plaintiff alleges that Major withheld knowledge of the attack from other RCI officers

- 1 -

(Pltf. Compl. ¶ 3).

SCDC Police Services is a certified Class I law enforcement agency responsible for the investigation of alleged criminal acts committed by SCDC inmates, employees, or others in connection with the Agency.[1] SCDC is also responsible for the administrative investigations of agency policies, procedures, rules, and regulations.[2] SCDC Police Services investigated this incident and arrested Major on charges of misconduct in office as a result (Pltf. Compl. ¶ 5). The charges against Major are pending resolution—case number 2019A2720200130 and indictment number 2019GS2700662.

Plaintiff's complaint asserts causes of action against Defendants Stirling, Cohen, and Washington under 28 U.S.C. §1983 and against SCDC under the South Carolina Tort Claims Act (SCTCA). The § 1983 claims include causes of action for deliberate indifference, denial of medical care. Plaintiff's SCTCA causes of action include allegations of negligence, gross negligence, and intentional infliction of emotional distress (IIED). Plaintiff alleges that the Defendants are responsible for Major's conduct because their "disciplinary practices (or lack thereof) clearly signaled to Defendant Major that willful abuse of RCI's inmate-safety protocols would be tolerated (Pltf. Compl. ¶57).

Defendants respectfully request this Court stay this proceeding pending a resolution of the criminal proceedings against RCI Officer Major in order to avoid duplicative proceedings and wasting judicial resources, as well as adhere to principals of federalism and comity. The Defendants ask this court to stay the proceedings based on Suggs v. Bannon and its precedent. Furthermore, a stay in this proceeding is appropriate when weighing the factors set forth in Harbor Town Yacht Club Boat Slip Owners Ass'n v. Safe Management, Inc.

---

[1] SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Police Services, http://www.doc.sc.gov/policeservices.html (last visited December 2, 2020).
[2] *Id.*

**I.     The Plaintiff's § 1983 damages claim should be stayed pending a resolution of the state criminal proceedings against RCI Officer Major.**

Since the United State Supreme Court's decision in Younger v. Harris, it has been a common practice of the federal courts to abstain from hearing any federal claims for injunctive relief while a state criminal proceeding is ongoing. Younger v. Harris, 401 U.S. 37, 44 (1971) (holding that a federal court must abstain from enjoining a pending state criminal proceeding). That being said, the circuit courts are divided on the question of whether Younger abstention extends to §1983 damages claims. Suggs v. Brannon, 804 F. 2d 274, 279 (4th Cir. 1986).[3]

However, in the Fourth Circuit it is well settled that a federal court should stay, rather than abstain, an action in the Federal District Court where federal §1983 claims are asserted while a parallel state criminal proceeding is ongoing. The Fourth Circuit in Suggs held that "Younger does not invariably require dismissal of §1983 damage actions," however a stay is appropriate in such situations. Suggs, 804 at 279; see also Traverso v. Penn, 874 F. 2d 209 (4th Cir. 1989). Accordingly, a number of South Carolina District Court decisions cite to Suggs with approval.[4]

In all of these cases, the courts stayed §1983 damages claims because the federal suit involved identical issues and would make the same factual determinations as are being adjudicated in the state criminal proceeding.[5] Where simultaneous litigation of the same issues

---

[3] *Citing* Guerro v. Mulhearn, 498 F.2d 1249 (1st Cir. 1917) (applying Younger abstention to §1983 damage claim) and Giulini v. Blessing, 654 F. 2d 189 (2d Cir. 1981) (staying §1983 damage claim instead of abstaining under Younger).

[4] See Stewart v. Beaufort County, 481 F. Supp. 2d 483 (D.S.C. 2007); Hammond v. Fernandes, No. 2:12-1128-MGL-BHH, 2012 WL 3717184, at *4 (D.S.C. July 18, 2012) ("absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceeding"); see also Valencia v. Doe Officers, No. 6:13-634-MGL, 2014 WL 3687422 (D.S.C. July 23, 2014); Wirtz v. Oconee County Sheriff's Department, No. 8:13-1041-RMG, 2013 WL 5372795 (D.S.C. Sept. 24, 2013).

[5] Stewart v. Beaufort County, 481 F. Supp. 2d 483, 495 (D.S.C. 2007) ("[the plaintiff] is asking the federal court to make factual determinations identical to the factual determinations that must also be made by the state court. As such, proceeding in this case would result in simultaneous litigation of the same issues such that this court's ruling might embarrass and interfere with the state proceedings"); See e.g.; Hammond v. Fernandes, No. 2:12-1128-MGL-BHH, 2012 WL 3717184 (D.S.C. July 18, 2012).

would result, and where a determination made in the state criminal proceeding would interfere or preclude issues raised in the federal damages claim, a stay of the federal claim is appropriate.[6] While most of these cases address circumstances where the criminal defendant is the civil plaintiff, the underlying reasoning still applies to the facts in this case—where simultaneous proceedings must make identical factual determinations, a stay is appropriate. Here, the criminal defendant, Major, is not the civil plaintiff, however, the criminal court and the civil court must both make factual determinations regarding the nature of Major's conduct. Those determinations are indispensable to the civil suit and must be resolved before the civil suit can proceed. Additionally, SCDC is the arresting agency in the criminal case, but a Co-Defendant in the civil whose alleged liability arises from allegedly failing to discipline Major.

At the center of Plaintiff's §1983 claims are questions regarding Major's conduct while he was employed by SCDC and whether that conduct was tacitly condoned by his superiors such that they are responsible as well. In considering Plaintiff's claims, the federal court will hear from the same witnesses, consider the allegations, and review the same evidence that will be considered in the state criminal case against Major for the misconduct in office charge.

If the federal court adjudicates the overlapping issues addressed by Plaintiff's complaint and the issues which form the basis of Major's criminal charges, it would constitute unnecessary duplication and a waste of judicial resources. A stay appropriately preserves the issues raised by Plaintiff until Major's criminal proceeding is complete and prevents the federal court from having to re-litigate factual findings already considered at Major's criminal trial, thereby preserving judicial resources, and preventing unnecessary duplication. Therefore, the Court should stay the federal case pending the resolution of the state criminal proceeding.

---

[6] Id.

**II.      A stay is appropriate because the interests of justice require such action.**

"A court may decide in its discretion to stay civil proceedings…when the interests of justice seem to require such action." *Harbour Town Yacht Club Boat Slip Owners Ass'n v. Safe Berth Management, Inc.*, 411 F. Supp. 2d 641, 644 (D.S.C. 2005) (*quoting United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). The court has authority to stay civil proceedings pending the resolution of criminal investigations. *St. Paul Fire and Marine Ins. v. United States,* 24 Cl.Ct. 513 (1991); *Campbell v. Eastland,* 307 F.2d 478 (5th Cir.1962). *Id.* at 642. In *Harbour Town*, the South Carolina District Court held that to support a stay of a civil case during an ongoing criminal investigation, "the moving party must show that the two proceedings are related and substantially similar so that the same evidentiary material likely will be involved and that the government's case may be compromised." *Harbour Town*, 411 F. Supp. 2d at 644; *Ashworth v. Albers Med. Inc.*, 229 F.R.D. 527,530-32, 333 A.L.R. Fed. 2d 681 (S.D.W. VA July 25, 2005). In *Keating v. OTS*, 45 F.3d 322,324 (9th Cir. 1995), the court laid out a six-factor balancing test:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay, (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Ashworth*, 229 F.R.D. at 530 (citing *Keating*, 45 F.3d at 530).

Accordingly, the court must "balance any substantial harm to the civil claimant and his interest in obtaining a prompt and fair resolution of the civil action…against the moving party's interest in preserving the integrity of his criminal investigation and the narrow scope of criminal

- 5 -

discovery." *Harbour Town*, 411 F. Supp. 2d at 644. The court should also consider the public interest in the stay as well. *Id.*

Under *Harbour Town*, a civil stay will be supported if the proceedings are substantially similar such that the proceedings will involve the same evidentiary material, and the government's criminal case may be compromised. As previously discussed in Part I, *supra*, the factual determinations and the issues to be addressed in the federal civil case are directly parallel those that must be made in the state criminal proceeding against Major. Therefore, the first prong of this test is met.

Plaintiff's discovery in the civil case would include seeking information to show that the Defendants' alleged lack of disciplinary practices "clearly signaled to Defendant Major that willful abuse of RCI's inmate-safety protocols would be tolerated." The South Carolina Rules of Criminal Procedure restrict Major's ability to obtain such information from SCDC for use in his criminal defense. Rule 5(a)(2) of South Carolina Rules of Criminal Procedure provides:

> this rule does not authorize the discovery or inspection of reports, memoranda, or other internal prosecution documents made by the attorney for the prosecution or other prosecution agents in connection with the investigation or prosecution of the case, or of statements made by prosecution witnesses or prospective prosecution witnesses…

As SCDC is the arresting agency in the criminal case, this rule applies to it in Major's criminal case. However, this is precisely the sort of information the Plaintiff would seek under the more lenient civil court rules to prove the lack of discipline allegations against the Defendants. Allowing civil discovery to move forward will compromise the criminal investigation of Major by providing the criminal defendant with evidence it may not otherwise have access to—including internal reports, memoranda, and other prosecution documents not subject to criminal discovery under the rule, which may ultimately compromise the Prosecution's case against

Major.[7]  Furthermore, the rules of Criminal Procedure do not allow for depositions in criminal cases, and depositions and affidavits are not admissible evidence.  *State v. Smith*, 230 S.C. 164, 168, 94 S.E.2d 886, 887 (1956).  The Defendants, who were Major's superiors, will be key witnesses in the criminal case against him.  Allowing the Plaintiff to depose the Defendants would give Major a large advantage in his criminal trial over proceeding to trial without knowledge of their testimony.  As written discovery and depositions in the civil trial are both likely to assist Major in his criminal defense, and therefore potentially compromise the government's criminal case, the Defendants have met the second prong of the test as well.

*Harbour Town* also addresses that the court must balance any potential harm to the Plaintiff in staying the proceedings versus the preservation of the integrity of the ongoing criminal investigation.  As discussed in Part I, *supra*, staying federal proceedings allows for the Plaintiff's claims to be preserved in the federal court; therefore, there is no prejudice to the Plaintiff in staying his §1983 claims at this time.  If the federal court were to proceed in the adjudication of the Plaintiff's civil claims, the integrity of the ongoing criminal prosecution of Major, would undoubtedly be jeopardized.  Additionally, because the criminal case against Major sends a message to all corrections officers that such conduct will not be tolerated, the criminal prosecution of Major benefits the Plaintiff, who is still incarcerated, by making SCDC prisons safer.  Throughout the complaint, the Plaintiff alleges that the failure to adequately discipline corrections officers for past conduct contributed to this incident, and the Plaintiff is seeking declaratory relief to make SCDC safer [Pltf. Compl. ¶6, 7, 8, 43, 48-52, 55-64].  SCDC has no more severe disciplinary action available to it than to pursue the criminal prosecution of Defendant Major.  Therefore, the delay in the Plaintiff potentially receiving monetary damages

---

[7] Obviously, any exculpatory evidence discovered by the prosecuting authority would be produced promptly to the criminal defendant pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

to which he would have limited access while in prison is heavily outweighed by the interest avoiding compromising SCDC's criminal case against Major and the Plaintiff's own interest in improving safety at SCDC prisons.

A final factor in support of a stay is the interest of the public. While the public undoubtably has an interest in the swift resolution of civil suits, that interest is miniscule in comparison to the interest of the public as a whole in holding public officers accountable for their alleged criminal conduct—conduct they engaged in while purporting to uphold the high standards of trust and integrity required of South Carolina Department of Corrections officers. In the wake of a national effort to hold law enforcement officers and agencies to the highest standards of professionalism and to preserve the dignity of those currently incarcerated, the criminal prosecution of bad actor SCDC officers serves as a strong deterrent for other officers who might otherwise engage in criminal conduct while working within the SCDC and improves the welfare of those incarcerated. The public, and those incarcerated in the SCDC, benefit significantly from a criminal prosecution of Major which is undistracted, uncompromised, and unobstructed by the parallel civil proceeding.

## CONCLUSON

For these reasons, the Court should stay the federal civil proceedings against the state criminal proceedings against Major are resolved.

                                   GRIFFITH, FREEMAN & LIIPFERT, LLC

By:      */s/ O. Edworth Liipfert, III*
           O. Edworth Liipfert, III (Fed ID. 9815)
           600 Monson Street
           PO Drawer 570
           Beaufort, SC 29901
           843-521-4242
           843-521-4247 (fax)
           worth@griffithfreeman.com

ATTORNEY FOR DEFENDANTS STIRLING, COHEN, WASHINGTON, AND SCDC

January 8, 2021
Beaufort, South Carolina