# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Donavon Chestnutt,[1]  ) | Civil Action No. 2:20-cv-2753-RMG-MGB |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | **ORDER** |
| ) | |
| Bryan Stirling, LeVern Cohen, Consonya  ) | |
| Washington, Cedric Major, South Carolina  ) | |
| Department of Corrections,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

This action has been filed by Plaintiff, through counsel, pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 *et seq.* (Dkt. No. 1.) Currently before the Court is a Motion to Stay filed by Defendants Bryan Stirling, LeVern Cohen, Consonya Washingon, and South Carolina Department of Corrections ("SCDC"). (Dkt. No. 19.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., this matter has been assigned to the undersigned for all pretrial proceedings.

## **BACKGROUND**

This civil action arises from an alleged assault Plaintiff suffered on April 4, 2019 while incarcerated at Ridgeland Correctional Institute. Plaintiff alleges that Defendant Cedric Major, a correctional officer, unlocked Plaintiff's cell door and allowed several inmates to attack Plaintiff. (Dkt. No. 1 at 5.) According to Plaintiff, "Officer Major stood at the cell door and watched. When

---

[1] The undersigned takes judicial notice that there is no Donavon Chestnutt on SCDC's Incarcerated Inmate Search website. Rather, there is a Donavon Lamar Chestnut. *See* https://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=%2000374596 (last visited March 4, 2021); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"). The Court assumes this individual on the SCDC website is Plaintiff.

1

the assault was over, Defendant Major shepherded the assailants back to their cells and left Plaintiff [] bleeding on the ground." (*Id.* at 6.) Plaintiff alleges that "[d]espite knowledge of the assault, Defendants Stirling, Cohen, and Washington failed to take any corrective action against Major." (*Id*. at 13.) According to Plaintiff, Defendant Major was eventually arrested and charged with misconduct on August 21, 2019. (*Id*.) Plaintiff alleges that SCDC then terminated Defendant Major "because of his arrest." (*Id.*)

Plaintiff brings § 1983 claims against Defendant Major for failure to protect and denial of medical care. (*Id*. at 14–15.) He brings § 1983 claims against Defendants Stirling, Cohen, and Washington for deliberate indifference in their individual capacities, and § 1983 claims against Defendants Stirling and Cohen for deliberate indifference in their official capacities. (*Id.* at 16–19.) Finally, Plaintiff brings claims against SCDC under the SCTCA for gross negligence, assault, battery, and intentional infliction of emotional distress. (*Id*. at 17–19.) These state law claims are based on Defendant Major's conduct. Plaintiff seeks compensatory and punitive damages "for the physical, emotional, and psychological injuries he suffered as a result of Defendants' unconstitutional conduct." (*Id.* at 3.) Plaintiff also seeks declaratory and injunctive relief against Defendants Stirling and Cohen in their official capacities "for their failure to provide adequate staffing and supervision at Ridgeland Correctional Institution." (*Id*.)

On October 18, 2020, Plaintiff moved for entry of default against Defendant Major based on his failure to file an Answer in this action. (Dkt. No. 9.) The Court granted Plaintiff's motion (Dkt. No. 10), and the Clerk of Court entered default against Defendant Major on November 9, 2020 (Dkt. No. 11). On January 8, 2021, Defendants Bryan Stirling, LeVern Cohen, Consonya Washingon, and SCDC ("Defendants") filed a Motion to Stay this civil action "until the parallel state criminal proceedings against" Defendant Major are resolved. (Dkt. No. 19-1.) Plaintiff filed

2

a response in opposition on February 5, 2021 (Dkt. No. 21), to which Defendants replied on February 19, 2021 (Dkt. No. 24).

## DISCUSSION

Federal district courts have "authority to stay civil proceedings pending the resolution of criminal investigations." *Harbour Town Yacht Club Boat Slip Owners Ass'n v. Safe Berth Mgmt., Inc.*, 411 F.Supp.2d 641, 643 (D.S.C. 2005). This Court's power to stay its proceedings is well established. *See Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* Still, "American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings." *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D.W.Va. 2005). "To support a stay of a civil case during a criminal investigation, the moving party must show that the two proceedings are related and substantially similar so that the same evidentiary material likely will be involved and that the government's case may be compromised." *Harbour Town*, 411 F. Supp. 2d at 644

Here, Defendants assert that a stay is mandated in accordance with *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. (Dkt. No. 19-1 at 3–4.) They argue that since *Younger*, "it has been a common practice of the federal courts to abstain from hearing any federal claims for injunctive relief while a state criminal proceeding is ongoing." (Dkt. No. 19-1 at 3.) According to Defendants, the Fourth Circuit has extended *Younger* to find that a federal court should stay an action "where federal § 1983 claims are asserted while a parallel state criminal proceeding is ongoing." (*Id.*) Specifically, in *Suggs v. Brannon*, 804 F.2d 274, 280 (4th Cir. 1986), the Fourth

3

Circuit held that *Younger* did not bar the plaintiffs' § 1983 damage claim and instead, the damage claim should be held in abeyance until the state court had adjudicated the relevant constitutional issues.

However, when considering whether a stay is appropriate, courts in this circuit do not necessarily find that *Suggs* mandates the stay of civil proceedings in the face of criminal proceedings. *See Reeves v. Town of Cottageville*, No. 2:12-CV-02765-DCN, 2013 WL 1566635, at *2 (D.S.C. Apr. 12, 2013) (denying defendant's motion to stay civil action pending the resolution of his federal criminal investigation); *Avalonbay Communities, Inc. v. San Jose Water Conservation Corp.*, No. CIV A 07-306, 2007 WL 2481291, at *1 (E.D. Va. Aug. 27, 2007) (same), *aff'd*, 325 F. App'x 217 (4th Cir. 2009); *Harbour Town*, 411 F. Supp. 2d at 645 (same); *but see Hammond v. Fernandes*, No. 2:12-CV-1128-MGL-BHH, 2012 WL 3717184, at *6 (D.S.C. July 18, 2012) (granting motion to stay federal action where "proceeding in this case in federal court would result in simultaneous litigation of the same issues such that this Court's ruling would almost assuredly interfere with the pending state court proceedings"), *adopted by*, 2012 WL 3716432 (D.S.C. Aug. 28, 2012); *Stewart v. Beaufort Cty.*, 481 F. Supp. 2d 483, 495 (D.S.C. 2007) (granting motion to stay federal action where "proceeding in this case would result in simultaneous litigation of the same issues such that this court's ruling might embarrass and interfere with the state [criminal] proceedings").

Rather, the issue requires the careful consideration of numerous factors, including:

(1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

4

*Reeves*, 2013 WL 1566635, at *2 (quoting *Ashworth*, 229 F.R.D. at 530).

Upon careful consideration of these factors, the Court finds that a stay is not appropriate at this time. As an initial matter, because Defendant Major is in default, "the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted" as they pertain to Major. *Wolff v. CapeSide Psychiatry PLLC*, No. 3:19-CV-1830-CMC-SVH, 2020 WL 3402397, at *1 (D.S.C. June 19, 2020) (citing, e.g., *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). Additionally, Major's default status greatly diminishes any concerns about this civil case's implications for his Fifth Amendment rights. *Cf. Ellis v. Kirkman*, No. 9:19-CV-2163-RMG-MGB, 2020 WL 6587062, at *3 (D.S.C. Oct. 16, 2020) (finding that "a 90-day stay of this civil proceeding is necessary to protect Defendants' Fifth Amendment rights while the federal government completes its investigation and makes a prosecutorial decision"), *adopted by*, 2020 WL 6585591 (D.S.C. Nov. 10, 2020). Thus, with respect to Defendant Major, the Court cannot find he is significantly burdened by this action proceeding. As for the remaining Defendants, any burden they face here is also limited. As Plaintiff notes, Defendants Stirling, Cohen, Washingon, and SCDC are not parties to the criminal proceeding against Major.

The Court further finds that a stay of this proceeding does not further judicial efficiency. Defendants' arguments on this issue are not persuasive. Defendants argue here that the resolution of the criminal case could foreclose Plaintiff's tort claims against SCDC in this action. More specifically, Defendants state that Major "is charged with the crime of malfeasance/misconduct in office" and that the elements of this charge "include any breach of duty to the public by a public official 'provided it is done willfully and dishonestly.'" (Dkt. No. 24 at 2.) Defendants assert that a criminal conviction on that charge "could bar the Plaintiff's tort claims against SCDC." (*Id.* at 2–3.) In support, Defendants note that the SCTCA "bars suit against the government for employee

5

conduct outside the course and scope of employment, malicious conduct, or actions taken with the intent to harm." (*Id*. at 2 (citing S.C. Code Ann. § 15-78-70).)

Here, even assuming a conviction in the criminal case would bar Plaintiff's claims against SCDC, there are § 1983 deliberate indifference claims against Defendants Stirling, Cohen, and Washington in this action. While there would likely be some overlap in the witnesses and alleged facts before both the state court and federal court, a conviction in the criminal case would not necessarily resolve these constitutional claims. More specifically, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (observing that "deliberate indifference" requires actual knowledge and disregard of a substantial risk of serious injury). A prison official is not liable if he or she "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Farmer*, 511 U.S. at 844; *see also Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (finding that a prison official was not liable, because he did not actually draw the inference that the inmate was exposed to a substantial risk of serious harm). Thus, Plaintiff's constitutional claims hinge on what information was available to Defendants Stirling, Cohen, and Washington regarding a risk of harm to Plaintiff prior to the incident with Defendant Major. Such factual issues would not likely be the focus of the criminal proceeding. Given that these constitutional claims would still need to be resolved, regardless of the outcome in the criminal case, the Court finds a stay would not further judicial efficiency in this instance.

Next, the Court finds the public interest does not warrant a stay of this civil action. Here, Defendants assert that the "public, and those incarcerated in the SCDC, benefit significantly from a criminal prosecution of Major which is undistracted, uncompromised, and unobstructed by the

parallel civil proceeding." (Dkt. No. 19-1 at 8.) While the Court agrees with this sentiment, this civil action should not distract, compromise, or obstruct the criminal case against Major.

According to Defendants, "[a]llowing civil discovery to move forward will compromise the criminal investigation of Major by providing the criminal defendant with evidence it may not otherwise have access to, . . . which may ultimately compromise the Prosecution's case against Major." (*Id.* at 6–7.) Here, Defendants cite Rule 5(a)(2) of the South Carolina Rules of Criminal Procedure and argue that information protected from discovery in criminal proceedings will be accessible to Major through this civil action if it is allowed to proceed. (*Id*. at 6.) According to Defendants, as "Major's superiors," they "will be key witnesses in the criminal case against him." (*Id*. at 7.) Defendants contend that if they are deposed in this action, Major will gain "a large advantage in his criminal trial over proceeding to trial without knowledge of their testimony." (*Id.*) Such arguments are purely conjectural, however. Further, the public, including the inmates at SCDC, have an interest in ensuring the safety of state prisons. Such an interest is bolstered by allowing the constitutional claims to proceed against Defendants.

Finally, there is potential prejudice to Plaintiff in the postponement of these civil proceedings. Currently, Defendants' stay request is for an unknown period of time. Plaintiff seeks injunctive and declaratory relief in this action, and such relief will not be available to him when his incarceration ends. Accordingly, an indefinite stay could negatively impact the relief available to Plaintiff. Further, "[c]ivil plaintiffs who claim to be the victims of criminal activity do not deserve slower justice than other plaintiffs." *Reeves*, 2013 WL 1566635, at *2.

Considering all the relevant factors, the Court finds that a stay of this civil proceeding is not appropriate at this time.

## **CONCLUSION**

Based on the foregoing, Defendants' Motion to Stay (Dkt. No. 19) is DENIED.

**IT IS SO ORDERED.**

March 5, 2021

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE